**CT Corporation**

**Service of Process Transmittal**
12/07/2018
CT Log Number 534529189

TO: Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in Texas**

FOR: Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Smith Veronica, Pltf. vs. Wal-Mart Stores Texas, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, First Set Of Discovery, Instructions, Interrogatories, Request(s), Certificate |
| **COURT/AGENCY:** | 270th Judicial District Court Harris County, TX<br>Case # 201883792 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - November 18, 2017 - 1313 North Fry Road, Katy, Texas, 77449 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/07/2018 at 10:34 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m on the Monday next following the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | A. Clement Wehner<br>Daspit Law Firm<br>440 Louisiana Street, Suite 1400<br>Houston, TX 77002<br>(713) 322-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/07/2018, Expected Purge Date: 12/12/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

EXHIBIT A

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO.  201883792

|  | RECEIPT NO. | 0.00 | CIV |
|---|---|---|---|
|  | ********** |  | TR # 73566703 |

| PLAINTIFF: SMITH, VERONICA | In The   270th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: WAL-MART STORES OF TEXAS LLC | of Harris County, Texas |
|  | 270TH DISTRICT COURT |
|  | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: WAL-MART STORES OF TEXAS LLC BY SERVING ITS
    REGISTERED AGENT C T CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900   DALLAS TX 75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND FIRST SET OF DISCOVERY

This instrument was filed on the 21st day of November, 2018, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 26th day of November, 2018, under my hand and
seal of said Court.

Issued at request of:
DASPIT, JOHN A
440  LOUISIANA, SUITE 1400
HOUSTON, TX  77002
Tel: (713) 588-0383
Bar No.: 24048906

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OUGRAH, CHANCESAS  8D9//11104470

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                                    _____

                                    _____ of _____County, Texas

                            By _____._____
_____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                              Notary Public

N.INT.CITH.P                        *73566703*

11/21/2018 10:57 AM
Chris Daniel - District Clerk Harris County
Envelope No. 29197979
By: C Ougrah
Filed: 11/21/2018 10:57 AM

# 2018-83792 / Court: 270

## CAUSE NO. _____

| | | |
|---|---|---|
| VERONICA SMITH | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Veronica Smith complains of Defendant Wal-Mart Stores of Texas, LLC ("Wal-Mart"), and would respectfully show the Court that:

### Discovery Control Plan

1.     Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2.     The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.     Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

4.     Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

### Parties

5.     Plaintiff Veronica Smith is an individual residing in Harris County, Texas.

6.     Defendant, Wal-Mart Stores Texas, LLC (hereinafter "Wal-Mart"), is a Texas entity engaged in business in Harris County, Texas. Defendant Wal-Mart may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### Facts

7.     This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about November 18, 2017. At that time, Plaintiff was an invitee at Defendant Wal-Mart's store at 1313 North Fry Road, Katy, Texas, 77449. While Plaintiff was shopping, she slipped in a substance on the floor causing her to fall to the ground, sustaining permanent and serious injuries.

8..     At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

9.     Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

10.     Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

      a.  Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

      b.  Failure to inspect the premises where the dangerous condition existed;

      c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

      d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

      e.  Other acts deemed negligent.

11.     Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12.     Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

### Damages

13.     As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

14.     By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

      a.  Past and future medical expenses;

      b.  Past and future pain, suffering and mental anguish;

      c.  Past and future physical impairment;

      d.  Past and future physical disfigurement; and

      e.  Past lost wages and future loss of earning capacity.

15.     By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

## Jury Demand

Plaintiff hereby demands a trial by jury.

## Request for Disclosures

Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant discloses, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## Other Discovery

Plaintiff refers you to the attached Request for Admissions, Interrogatories and Request for Production, and notifies you that a response is required within 50 days of service of these requests.

## Rule 193.7 Notice

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

*(See signature block on next page)*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ A. Clement Wehner*
A. Clement Wehner
Texas State Bar No. 24106560
440 Louisiana Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

11/21/2018 10:57:56 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 29197979
By: Ougrah, Chancesas
Filed: 11/21/2018 10:57:56 AM

# 2018-83792 / Court: 270

CAUSE NO. _____

| | | |
|---|---|---|
| VERONICA SMITH | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT WAL-MART STORES TEXAS, LLC

TO:   Defendant, **Wal-Mart Stores Texas, LLC**, by and through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Plaintiff Veronica Smith requests that Defendant Wal-Mart Stores Texas, LLC (hereinafter "Wal-Mart"), answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. You must reply within fifty (50) days after your receipt of this request at the office of the undersigned attorney. Defendant must produce all documents which are in the possession, custody or control of Defendant. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant in trial of this cause and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten days of its production.

## DEFINITIONS AND INSTRUCTIONS

1.    Under the Texas Rules of Civil Procedure, Defendant must amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

(a)    It knows that the answer was incorrect when made; or

(b)    It knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2.    The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

3.    You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy from any person or public or private entity having physical possession thereof.

4.    All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

5.      Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

6.      This Document Request requires you to amend or supplement your production of documents.

7.      In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

8.      Plaintiff requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

9.      If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10.      "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendant(s) named in this lawsuit and/or any agent or representative of Defendant(s) named in this lawsuit during all times relevant to this action.

11.      The term "and/or," "or," and "and" are used inclusively, not exclusively.

12.      The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

13.      The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

14.      The terms "evidencing" as used – herein shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

15.      The term "Damages" shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

16.    The term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17.    All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form. Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you. In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant(s) shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

18.    The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

19.    "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

20.    **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## INTERROGATORIES TO DEFENDANT WAL-MART

1.   Provide the identities and addresses for the owners and operators of the property where Plaintiff suffered the injury made the basis of this lawsuit.

     RESPONSE:

2.   Please name all eyewitnesses to the events for the date of the injury for which this lawsuit was filed and provide the names, addresses, and telephone numbers if those witnesses are no longer employed by you.

     RESPONSE:

3.   If you have not been correctly named or served in or by the Plaintiff's Original Petition, state your correct legal name and the correct manner in which you can be designated as a party defendant and served with process in this action under the allegations set forth in Plaintiff's Original Petition.

     RESPONSE:

4.   Explain what happened to cause the subject substance to be on the floor on the date of the incident giving rise to this lawsuit.

     RESPONSE:

5.   Please describe the maintenance schedule for the floors near the location in which the subject incident occurred.

     RESPONSE:

6.   If you may or will contend that Plaintiff's damages were caused in whole or in part by third persons, please provide the name and address of these third persons and state factually how they caused Plaintiff's damages, in whole or in part.

     RESPONSE:

7.   If you may or will contend that Plaintiff was contributorily negligent, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

     RESPONSE:

8.   Provide a detailed list of any changes you made to the property, appurtenances, or equipment after Plaintiff's incident.

     RESPONSE:

9.    If you may or will contend that Plaintiff failed to mitigate damages, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

      RESPONSE:

10.   Provide the names and contact information for all employees at the property when Plaintiff's incident occurred.

      RESPONSE:

11.   Describe any video footage that depicts Plaintiff's incident or how the substance in which Plaintiff slipped and fell came to be on the ground in that location.

      RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT WAL-MART

1.    Copy of video footage of Plaintiff's incident made the basis of this lawsuit.

RESPONSE:

2.    Copy of video footage that shows how the substance in which Plaintiff slipped and fell got onto the ground.

RESPONSE:

3.    Copy of any lease agreement for the subject property where Plaintiff's incident occurred.

RESPONSE:

4.    Safety manual covering the property where Plaintiff's incident occurred.

RESPONSE:

5.    All documents related to any investigation conducted by you related to Plaintiff's injury, which occurred on or about the date provided in the petition.

RESPONSE:

6.    A copy of any and all injury reports prepared in relation to Plaintiff's incident.

RESPONSE:

7.    All safety policies and/or procedures that would have governed the property on the date of the incident.

RESPONSE:

8.    The personnel file of the manager on duty at the time of the incident.

RESPONSE:

9.    Pictures taken in connection with Plaintiff's incident as described in Plaintiff's Petition.

RESPONSE:

10.   All witness statements taken in conjunction with Plaintiff's incident.

RESPONSE:

11.   All documents concerning, referring to, or relating to any insurance and/or indemnity agreement between you and any other potential Defendant.

RESPONSE:

12.   All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

RESPONSE:

13.   A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

RESPONSE:

14.   A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

RESPONSE:

15.   A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

RESPONSE:

16.   All transcripts of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

RESPONSE:

17.   All transcripts of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

RESPONSE:

18.    A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

       RESPONSE:

19.    All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition.

       RESPONSE:

20.    All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the claims asserted by Plaintiff in her latest Petition.

       RESPONSE:

21.    All correspondence between you and any other person concerning the claims asserted by Plaintiff in the latest Petition.

       RESPONSE:

22.    Copies of Plaintiff's medical records obtained by the Defendant in this litigation.

       RESPONSE:

23.    Copies of Plaintiff's employment records obtained by the Defendant in this litigation.

       RESPONSE:

24.    Copy of insurance policy that covers Plaintiff's injuries in this case. This includes all excess policies.

       RESPONSE:

25.    Copy of any surveillance you have conducted on Plaintiff.

       RESPONSE:

26.    Copy of any exhibit you intend to introduce at trial.

       RESPONSE:

27.    Copy of any demonstrative you intend to use at trial.

       RESPONSE:

## REQUESTS FOR ADMISSION TO DEFENDANT WAL-MART

1.    Admit that on or about November 18, 2017 Plaintiff slipped and fell in a substance on the floor of your property.

      RESPONSE:

2.    Admit that Plaintiff was at your property on November 18, 2017.

      RESPONSE:

3.    Admit that one or more of your employees and/or agents witnessed the accident that injured Plaintiff on or about November 18, 2017.

      RESPONSE:

4.    Admit that on or about November 18, 2017, Plaintiff suffered an injury at your place of business.

      RESPONSE:

5.    Admit the substance on the floor in which Plaintiff slipped and fell was a dangerous condition.

      RESPONSE:

6.    Admit that there was no wet floor sign or other cautionary instrument present on or near the substance in which Plaintiff slipped and fell on November 18, 2017.

      RESPONSE:

7.    Admit that there was not a non-slip mat present on or near the substance in which Plaintiff slipped and fell on November 18, 2017.

      RESPONSE:

8.    Admit you subsequently cleaned up the substance in which Plaintiff slipped and fell after the incident on November 18, 2017.

      RESPONSE:

9.    Admit you subsequently put down a non-slip mat on or near the substance in which Plaintiff slipped and fell after the incident on November 18, 2017.

      RESPONSE:

10.     Admit you were negligent in causing Plaintiff's injuries.

        RESPONSE:

11.     Admit venue is proper.

        RESPONSE:

12.     Admit this is a convenient forum.

        RESPONSE:

13.     Admit the Court has jurisdiction over you.

        RESPONSE:

14.     Admit that Plaintiff was not negligent in causing her injuries.

        RESPONSE:

15.     Admit that there should have been a wet floor sign and/or other cautionary instrument present around or near the subject substance.

        RESPONSE:

## REQUESTS FOR DISCLOSURE

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiff's attorney, John Daspit, 440 Louisiana St. Ste. 1400, Houston, Texas 77002. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual basis of your claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert

    (1)     The expert's name, address, and telephone number;

    (2)     The subject matter on which the expert will testify;

    (3)     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4)     If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A)     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (B)     The expert's current resume and bibliography;

(g)     Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)     Any discoverable settlement agreements described in Rule 192.3(g);

(i)     Any witness statements described in Rule 192.3(h);

(j)     All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)     All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(l)     The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ A. Clement Wehner*
A. Clement Wehner
Texas State Bar No. 24106560
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been

served on Defendant along with Plaintiff's Original Petition.

_/s/ A. Clement Wehner_
**A. Clement Wehner**